Lisel M. Ferguson (Bar No. 207637)
E-mail: lisel.ferguson@procopio.com
Tiffany Salayer (Bar No. 226189)
E-mail: tiffany.salayer@procopio.com
PROCOPIO, CORY, HARGREAVES &
　SAVITCH LLP
525 B Street, Suite 2200
San Diego, CA 92101
Telephone: 619.238.1900
Facsimile: 619.235.0398

Attorneys for Defendants 2J ANTENNAS USA and
JAVIER RUBEN FLORES CUADRAS

# UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAOGLAS GROUP HOLDINGS LIMITED and TAOGLAS USA, INC.,<br><br>　　　Plaintiffs,<br><br>　v.<br><br>2J ANTENNAS USA, CORPORATION and JAVIER RUBEN FLORES CUADRAS, an individual,<br><br>　　　Defendants. | Case No. 18-CV-1277 LAB JMA<br><br>**REPLY IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(B)(6)**<br><br>**[ORAL ARGUMENT REQUESTED]**<br><br>Date:　　September 17, 2018<br>Time:　　11:15 a.m.<br>Crtrm:　　14A<br>Judge:　　Hon. Larry Alan Burns |

Defendants 2J Antennas USA, Corporation ("2J") and Javier Ruben Flores Cuadras ("Ruben") (collectively referred to as "Defendants") hereby respectfully submit this Reply in Support of their Motion to Dismiss Plaintiffs Taoglas Group Holdings Limited and Taoglas USA, Inc.'s (collectively referred to as "Plaintiffs" or "Taoglas") Complaint (Dkt. 1) filed on June 14, 2018.

## I.   INTRODUCTION

Plaintiffs' numerous conclusions are not supported by sufficient facts to support their four causes of action alleged in their Complaint. First, Plaintiffs fail to show that the alleged trade secrets are in fact trade secrets. Second Plaintiffs fail to show that the complained of misappropriation occurred after the enactment of the Defend Trade Secrets Act ("DTSA"). Third, Plaintiffs' claim that they entered into a contract with Ruben is contradicted by their stated facts and the exhibit itself. Fourth, Plaintiffs have failed to show that even if there was an Agreement between Plaintiffs and Ruben there is no evidence or alleged facts that 2J knew of the agreement, and interfered with the agreement. Furthermore, the fourth cause of action is preempted by Taoglas' California Uniform Trade Secrets Acts ("CUTSA") claim.

Plaintiffs' stated "facts" clearly contradict their conclusions. For instance, Plaintiffs' conclude that "Taoglas has at all times maintained stringent security measures to preserve the secrecy of its trade secrets." (Complaint ¶ 16; Opposition 2: 26-3:1.) "Taoglas also requires all employees, contractors, consultants, vendors, customers, and manufacturers to sign confidentiality agreements before any confidential or proprietary trade secret information is disclosed to them." (Complaint ¶17; Opposition 3:1-6.) However, Taoglas' Complaint also clearly stated that Ruben was hired "in and around March 2008" (Opposition ¶18) and further states that Ruben "was directly – or, at least, indirectly - involved in virtually every product Taoglas developed, marketed, and/or sold in the US between 2011 and 2014" (Opposition ¶19). In contradiction to Taoglas' claimed security, their

1

Complaint clearly states Ruben did not sign a confidential agreement until October 2014, the month he left Taoglas. (Opposition ¶20.) Clearly Taoglas has misstated the facts in at least one of their claims as both of these "facts" cannot be true. Plaintiffs' Opposition to Defendants' Motion to Dismiss ("Opposition") (Dkt. 13) is based on contradictory statement of claimed facts and misapplied case law and therefore should be dismissed with prejudice.

**II.     ARGUMENT**

**A. Plaintiffs have Failed to State Facts that the Alleged Misappropriation Occurred after the DTSA was Enacted.**

Plaintiffs have failed to refute that the dates in their Complaint after the DTSA was enacted were anything other than the dates on which Plaintiffs learned of earlier actions which it now alleges as misappropriation of their trade secrets. In an effort to refute this Plaintiffs' state that "Taoglas alleges use of its trade secrets by Defendants on a number of occasions after May 2016" and then cites to Taoglas' Complaint. (Opposition 7:28-8:6.) However, the identity of a Taoglas supplier is not trade secret information, and Plaintiffs do not allege Defendants ever acquired anything by contacting their supplier. Next Plaintiffs conclusory state without any of the necessary factual information that Defendants used their trade secret information "to develop, market, and sell its 'Condor Series' antennas." (Opposition 8:3-5.) In Taoglas' complaint, Plaintiffs refer to their MA240 antennas. (Complaint ¶33.) However, the information Plaintiffs claim Defendants had was also public information through Taoglas' website and patent (Motion 8:4-6; Exhibit 3), therefore Defendants had the ability to create its Condor Series product line without utilizing Taoglas' trade secrets, because the information was no longer a trade secret, as it was public information.

Next Plaintiffs state that "'[i]n early 2018,' Defendants used Taoglas trade secrets to win a project from a Taoglas customer, Cal Amp. (*Id.*, ¶34)." (Opposition 8:5-6.) However, what the Complaint actually states is that "In early 2018, Taoglas

2

learned …" (Complaint ¶ 34.), not that the misappropriation occurred in early 2018 as claimed in their Opposition.  Furthermore, this statement again is in regards to Taoglas' MA240 which had been made publicly available by Taoglas since at least December 18, 2014.  (Exhibit 3.)  Plaintiffs do not cite any additional allegations to support their conclusion that they had pled misappropriation of use after the enactment of the DTSA on May 11, 2016.  Contrary to their claims (Opposition 9:13-14), Plaintiffs have not alleged any new acts of misappropriation by Defendants after May 2016.

### B. Plaintiffs have Failed to Sufficiently Identify Their Claimed Trade Secrets at Issue under Their Claims for DTSA and CUTSA.

Plaintiffs agree that Defendants have cited the correct law for pleading their CUTSA cause of action, but claim that the DTSA does not require the same "particularity". (Opposition 9:25-10:18.)  However, since Plaintiffs' Complaint does not specify which of their alleged trade secrets fall under which legal claim for misappropriation, Plaintiffs would have to describe their trade secrets at issue as required by CUTSA.  CUTSA requires Plaintiffs to allege "(1) the plaintiff owns a trade secret; (2) the defendant misappropriated the trade secret; and (3) the defendant's action damaged the plaintiff."  *Autodesk, Inc. v. ZWCAD Software Co., Ltd.*, No. 14-cv-1409, 2015 WL 22655479, at *5 (N.D. Cal. May 13, 2015) (citation omitted).  Furthermore, Federal Rules of Civil Procedure, Rule 8 requires "a short and plain statement of the claim showing that the pleader is entitled to relief."  Plaintiffs are, at a minimum, required to apply Rule 8 to the definition of DTSA claim under 18 U.S.C section 1839(5) to show Taoglas "is entitled to relief." (FRCP Rule 8.)

Plaintiffs admit, in their Opposition, that "Plaintiffs do not allege or argue that [Ruben] was restrained from using his own engineering knowledge" (Opposition 22:3-4), but fail to reconcile that with Plaintiffs' failure to allege that Ruben took anything from Taoglas, and their further contention that Ruben was the named

inventor on more than 34 patent applications (Complaint ¶19). Plaintiffs' conclude that the facts "indicate that Cuadras disclosed to 2J, and 2J used for its benefit, numerous Taoglas trade secrets."  (Complaint ¶30-37; Opposition 4:11-12.) However, paragraphs 30-37 of the Complaint, referred to by Plaintiffs, are mainly conclusory statements, including but not limited to, Ruben "had knowledge of Taoglas' business relationship with Road Track and was privy to the specifications that Road Track required, which specification were kept confidential at all times." (Complaint ¶30.)  As stated above Plaintiffs' claims about maintaining secrecy or confidentiality, at all times, is contradicted by the fact that Ruben was not required to sign anything before receiving the alleged trade secrets and/or confidential information.  Furthermore, it is not alleged that Ruben received any information about Road Track after he allegedly signed the Agreement in October 2014.  Last but not least, Plaintiffs fail to allege that 2J made a knock off product and sold it to Road Track.  While Plaintiffs' Complaint is full of accusations and innuendo, none of them amount to sufficient factual basis to support a legal cause of action, especially their stated causes of action.

### C. Plaintiffs have Failed to Plead Sufficient Fact to Support a Cause of Action for Breach of Contract.

Plaintiffs' misconstrue Defendants' argument in their Motion.  Defendant clearly states in their Motion that "Plaintiffs fail to allege facts sufficient to support the existence of a contract between Taoglas and Ruben." (Motion at 12:11-12.)  The issue is that while Plaintiffs' claim Exhibit A is a valid and enforceable contract (Complaint ¶60) Exhibit A contradicts Plaintiffs' conclusory statements. Exhibit A clearly states that the Employee, Ruben, is at-will and that nothing in Exhibit A modifies the at-will nature of the employment relationship.  (Exhibit A at ¶1.) Furthermore, Ruben received Taoglas' claimed confidential and trade secret information years before Taoglas ever sought Ruben's signature on the alleged Agreement.

Furthermore, the cases and statute cited in Plaintiffs' Opposition does not support Plaintiffs' position. California Civil Code section 1614 cited by Plaintiffs is not relevant in this case as it applies to debtor-creditor cases, not employment contracts nor non-disclosure agreements. "We also note section 1614 involves the debtor-creditor relationship. This fact is significant since the Legislature has determined a number of presumptions arising from the debtor-creditor relationship affect the burden of producing evidence." *Rancho Santa Fe Pharmacy, Inc. v. Seyfert*, 219 Cal. App. 3d 875, 883 (1990). *Rancho Santa Fe* is the same case, Plaintiffs' rely on to further support their claim that section 1614 applies in this case. (Opposition 19:17-21.) This case clearly does not involve a creditor-debtor relationship, thus Plaintiffs' case law and argument related to section 1614 and *Rancho Santa Fe Pharmacy* should therefore be disregarded.

Plaintiff also cites *Asmus v. Pacific Bell*, 23 Cal. 4th 1, 15 (2000) for the proposition that a promise to continue at will employment is sufficient consideration. (Opposition at 20:5-13.) However, *Asmus* applies to the modification of an existing unilateral contract, not the formation of a contract which is the case here. (*Asmus v. Pacific Bell*, 23 Cal. 4th 1, 15 ("Here, Pacific Bell replaced its MESP with a subsequent layoff policy. Plaintiffs' continued employment constituted acceptance of the offer of the modified unilateral contract.")) Finally, Plaintiffs cite to *Skrbina v. Fleming Companies*, 45 Cal. App. 4th 1353, 1366-67 (1996) in support of their claim that an employment agreement is enforceable in California with or without new consideration when it is expressly signed by an employee. (Opposition 20:18-20.) However, the motion at issue in *Skrbina* is a motion for summary judgment in which the Plaintiff had admitted that he read and signed the document at issue. Furthermore, the release signed by Plaintiff in *Skrbina* included consideration, i.e. severance package. (*Skrbina v. Fleming Companies*, 45 Cal. App. 4th 1353, 1359 (1996).) The facts in *Skrbina* are extremely different from the case at hand as the employee was the plaintiff in *Skrbina* and had admitted he read and signed the

5

document at issue which was a release. *Skrbina* does not clarify or rebut Defendants' position stated in their Motion.

None of the cases or statutes cited by Plaintiffs are related to the facts as stated in the Complaint. Plaintiffs have failed to sufficiently allege a valid contract, and furthermore the elements necessary for their breach of contract claim are wholly conclusory. The Court should dismiss Plaintiffs' cause of action for breach of contract. Furthermore, Plaintiffs should not be allowed to amend their Complaint as the alleged Agreement clearly states that the consideration was "continued employment" and that Ruben was an at-will employee. Thereby conceding there was no consideration.[1]

### D. Plaintiffs have Failed to Allege Sufficient Facts to Support their Claim for Intentional Interference with Contract.

Defendants have shown that there can be no cause for Intentional Interference with Contract because there is no valid contract. The only contract alleged in the Complaint is the document entitled "Taoglas Employee Protective Covenants and Agreement (California – New Hire and Incumbents)" (Exhibit A to the Complaint), which was not a valid contract. Furthermore, Plaintiffs' claim is preempted by their CUTSA cause of action. Plaintiffs rest on one paragraph in their Complaint to claim that their Intentional Interference with Contract cause of action is not preempted by CUTSA. (Opposition 23:25-28 referring to ¶ 67 of the Complaint.) However, Plaintiffs have not properly alleged that Defendant violated section 4 of the alleged agreement, as Plaintiffs do not allege that Defendant accessed or used company property as defined under section 4 of the alleged Agreement. Furthermore, all of Plaintiffs' allegations regarding confidential information include trade secret information in the same sentence. For example, paragraph 67 cited by Plaintiffs states:

---

[1] The significant issue here is that Plaintiffs have not alleged, because it is not true, that it presented the Agreement to Ruben at the time he was hired.

> Upon information and belief, Defendant 2J encouraged Defendant Cuadras to provide 2J with confidential information and trade secrets belonging to Taoglas and to use such confidential information and trade secrets to the benefit of 2J. Defendant 2J's conduct was intentional and designed to induce Cuadras to breach the Confidentiality Agreements.

As Plaintiffs' Complaint clearly states confidential information is linked to trade secrets and Plaintiffs have failed to state a cause of action for the breach of contract of paragraph 4, as it now claims.

### E. CONCLUSION

Plaintiffs failed to plead facts sufficient to establish claims for misappropriation of trade secrets under the DTSA or the CUTSA, breach of contract, or intentional interference with contract. Furthermore, the alleged contract between Ruben and Taoglas is unenforceable. Moreover, Plaintiffs' claims for intentional interference with contract are wholly preempted by the CUTSA. As Plaintiffs cannot plead any facts that would remedy their insufficient pleading, the Court should dismiss Plaintiffs' Complaint in its entirety.

DATED: September 10, 2018        PROCOPIO, CORY, HARGREAVES & SAVITCH LLP


By: s/Lisel M. Ferguson
    Lisel M. Ferguson
    Tiffany Salayer
    Attorneys for Defendants
    2J ANTENNAS USA and JAVIER
    RUBEN FLORES CUADRAS

# **CERTIFICATE OF SERVICE**

    I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is PROCOPIO, CORY, HARGREAVES & SAVITCH LLP, 525 "B" Street, Suite 2200, San Diego, California 92101. On **September 10, 2018**, I served the foregoing document.

☑    *(Federal)* **BY CM/ECF NOTICE OF ELECTRONIC FILING** by causing such document(s) listed above to be served through this Court's electronic transmission facilities via the Notice of Electronic Filing (NEF) and hyperlink, to the parties and/or counsel who are determined this date to be registered CM/ECF Users set forth in the service list obtained from this Court on the Electronic Mail Notice List.

☑    *(Federal)* I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on September 10, 2018, at **San Diego**, California.

                                            s/Lisel M. Ferguson
                                            Lisel M. Ferguson